UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               Case No. 07-M-648

PORFIRIO ORTA-ROSARIO,

    Defendant.

## ORDER

On or about July 18, 2007, Dr. Porfirio Orta-Rosario, along with five others, was indicted in a multi-count indictment in the Western District of North Carolina. Dr. Orta-Rosario is charged with Conspiracy to Knowingly and Intentionally Distribute Varying Schedule III and IV Controlled Substances and fifty-five counts of Distribution of Hydrocodone. On July 20, 2007, Orta-Rosario was arrested in the Eastern District of Wisconsin and taken before this court for his initial appearance. After considering the lack of ties to the area, the absence of any employment, and the number and seriousness of the charges, the court ordered Dr. Orta-Rosario held on $10,000 cash bond. When Dr. Orta-Rosario indicated he would not have the ability to post bond, the court ordered him removed to the Western District of North Carolina and he is currently en route to that location.

Before the court at this time is the motion of Dr. Orta-Rosario to reconsider the terms of the order setting the conditions of release. Dr. Orta-Rosario notes that the charges grew out of an investigation that had commenced more than six months earlier. In fact, on December 28, 2006,

Dr. Orta-Rosario had received a target letter from the U.S. Attorney's Office for the Western District of North Carolina and counsel was appointed at that time. He had been actively cooperating with counsel and was fully aware of the pending charges against him. Dr. Orta-Rosario argues that this fact, as well as the absence of a prior record, supports releasing him on his own recognizance. In a supplement to the motion, Dr. Orta-Rosario now indicates that a family friend is willing to co-sign a $100,000 recognizance bond for Dr. Orta-Rosario and suggests that this condition would satisfy any concerns that Dr. Orta-Rosario would not appear in court.

Other than the statement that a close friend is willing to co-sign a recognizance bond, none of the facts set forth in the motion for reconsideration are different than what counsel argued at the time the court made its initial decision. Counsel for Dr. Orta-Rosario advised the court that the charges grew out of an investigation that had been continuing for some period of time. The court gave strong consideration to this fact at the time of its original decision. However, there is a difference between knowing someone is the subject of a pending investigation and being charged in an indictment with more than fifty counts of distributing a controlled substance. The seriousness of the charge and the absence of any ties, either to this community or to the North Carolina district in which the charges are pending, led the court to conclude that release on his own recognizance was not appropriate and that some cash bail should be ordered. As the government notes, Dr. Orta-Rosario lacks financial or employment ties to either area. In the past fifteen years, he has relocated from Puerto Rico to Montana to New York to Michigan, then to Berlin, Wisconsin and finally to Oshkosh, Wisconsin. He is unemployed and resides in subsidized housing. These are not the kind of ties to a community that would give a court assurance that an individual would be able and willing to embark on a trip half way across the country to face such serious charges. If the offer of

a co-signor on a recognizance bond had been made at the time of the initial appearance, the court's decision might have been different.  No such offer was made however, and now Dr. Orta-Rosario is en route to the Western District of North Carolina.  Under these circumstances, I conclude that the motion for reconsideration should be denied.

**SO ORDERED** this   3rd   day of August, 2007.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge